UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | : <br> : <br> : | Case No. 1:02-cr-0143 |
| v. | : <br> : <br> : | **Response of the United States in<br>Opposition to Defendant's Motion to<br>Begin Sentence as House Arrest** |
| SAMUEL PETER NICKOLAS,<br>    Defendant. | : <br> : <br> : | HON. SUSAN J. DLOTT |

- - - - - - - - - - - - - - - - - - -

After a hearing during which the defendant testified and denied his guilt, this Court found Defendant Samuel Peter Nickolas to have violated the terms of his supervised release because he committed another federal crime, and the Court sentenced him to a six-month term of imprisonment, followed by thirty months of supervised release.  (R. 57, Judgment).  Nickolas now moves the Court as follows: "The Court has previously denied Defendant's request to serve the six month sentence in home incarceration.  He requests reconsideration of that decision to the limited extent that he be permitted to begin serving his sentence as home incarceration until he is permitted to report for the actual incarceration."  (R. 62).  This motion should be denied because the Court is without authority to alter or amend the previously imposed sentence in the manner requested by Nickolas, and also because the motion should not be well taken in any event.

First, 18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except that–...(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  Neither of the statutory sections that permits modification – 28 U.S.C. §§ 2106, 2255

– has any application here; the seven-day time limit for corrections under Rule 35 passed weeks ago; and Nickolas's motion does not implicate a clerical error within the purview of Rule 36. See United States v. Zabawa, No. 03-2592, 2005 WL 1386485, at *6 - *7 (6th Cir. June 7, 2005). Rather, Nickolas's motion is a straightforward request for the Court to reconsider the terms of his sentence. The Court is therefore without power to alter or amend Nickolas's sentence. Id.

Second, even if the Court had the power to reconsider the terms of Nickolas's sentence, it should decline to do so here. Nickolas seeks reconsideration of the Court's proper refusal to permit him to serve his term of incarceration as home confinement primarily on the ground that he is being inconvenienced by having not yet received his designation. But he does not explain, nor could he, why he should receive preferential treatment in comparison to any other offender who is awaiting a prison designation. Convenience, moreover, is not one of the purposes of punishment that a term of incarceration is designed to serve. On the merits, therefore, his request should not be well taken.

For these reasons, Nickolas's motion to begin sentence as house arrest should be denied.

        Respectfully submitted,

        GREGORY G. LOCKHART
        United States Attorney

        s/Amul R. Thapar
        AMUL R. THAPAR (DC459489)
        BENJAMIN C. GLASSMAN (0077466)
        Assistant United States Attorneys
        221 East Fourth Street, Suite 400
        Cincinnati, Ohio 45202
        (513) 684-3711
        Fax: (513) 684-2047
        Amul.Thapar @usdoj.gov
        Benjamin.Glassman @usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Response of the United States in Opposition to Defendant's Motion to Begin Sentence as House Arrest was filed with the Court's CM/ECF System this 19th day of December, 2005, which provides electronic notice to all parties.

                                    s/Amul R. Thapar
                                    AMUL R. THAPAR (DC459489)
                                    Assistant United States Attorney